IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          Criminal Action No. 5:15CR37-02
                                                         (STAMP)

AMANDA CARETTI,

    Defendant.

## ORDER FINDING A FACTUAL BASIS FOR THE PLEA
## AND RECOMMENDATION THAT PLEA BE ACCEPTED

On September 10, 2015, came the United States of America, by Assistant United States Attorney Randolph J. Bernard, and also came the defendant, Amanda Caretti, in person and by her attorney, Scott C. Brown.

Defendant stated that she understood that the undersigned judge is a United States Magistrate Judge, not a United States District Judge, and consented to pleading before the undersigned magistrate judge. With the defendant's consent, the district court referred the guilty plea to the undersigned magistrate judge for the purposes of administering the allocution pursuant to Federal Rule of Criminal Procedure 11, making a finding as to whether the plea was knowingly and voluntarily entered, and recommending to the district court whether the plea should be accepted.

Counsel for the United States advised the Court that it had entered into a plea agreement with the defendant, which the Government then summarized for the Court. The defendant stated in open court that she fully understands and agrees with the terms of

the plea agreement, and that no other agreements had been made between her and the Government. The Court noted that since the plea agreement contains certain nonbinding recommendations pursuant to Fed. R. Crim. P. 11(c), the Court cannot accept or reject the plea agreement and recommendations contained therein until the Court has had an opportunity to receive and review a presentence report. The Court advised the parties that it is not bound by the stipulation contained in the plea agreement and will defer action upon the stipulation until receiving and reviewing the presentence report.

The Court ORDERED the plea agreement filed.

The Court confirmed that the defendant had received and reviewed the indictment in this matter with her attorney. After summarizing the indictment for the defendant, the Court advised the defendant of the elements of the offense charged in Count One to which the defendant proposed to enter a plea of guilty. Then the Court advised the defendant of the minimum and maximum sentence for Count One. The Court also advised the defendant that as part of the fine, she could be required to pay the costs of imprisonment, community confinement, or supervision. The Court also informed the defendant of the mandatory special assessment applicable to this case.

The Court informed the defendant that under the Sentencing Reform Act of 1984 certain Sentencing Guidelines are applicable to this case in an advisory capacity. The defendant stated that she

had reviewed the various factors taken into consideration by the Sentencing Guidelines with her attorney, and that she understood that no sentence would be determined until after the United States Probation Office had prepared a presentence report. The Court noted that it has, in some circumstances, the authority to depart from the Guidelines in imposing sentence. The Court also noted that it was not bound by the recommendations in the plea agreement and that if the sentence ultimately imposed was more severe than that expected, the defendant would not have the right to withdraw her plea of guilty.

The Court advised the defendant of her right to plead not guilty and maintain that plea during a trial before a jury of her peers. The Court also informed the defendant of the right to be represented by counsel during trial, the right not to testify, and the right to have the Government prove its case beyond a reasonable doubt. The Court also noted that the jury's verdict must be unanimous. The defendant stated in open court that she understood all of these rights and understood that she would be giving up all of these rights by entering a plea of guilty. The defendant and her counsel stated that the defendant understood all of the consequences of pleading guilty.

The Government called Trooper Luther White of the West Virginia State Police/Drug Task Force to present a factual basis for the plea. Counsel for the defendant did not cross-examine

Trooper White. Neither the defendant nor defendant's counsel had corrections or additions to make to Trooper White's presentation.

The Court reviewed with the defendant all of the rights that are forfeited by tender of a plea of guilty and the factual basis for the proposed plea of guilty.

Defendant Amanda Caretti moved the Court for permission to withdraw her plea of NOT GUILTY to Count One and enter a plea of GUILTY.

The defendant stated that the plea was not a result of any threat, coercion or harassment and that the plea was not the result of any promises except those promises contained in the plea agreement.

The defendant further stated that her attorney had adequately represented her in this matter and that neither she nor her attorney had found any defense to the charges contained in Count One of the indictment.

The defendant stated that she was in fact guilty of the crime charged in Count One of the indictment.

Based upon the defendant's statements and the testimony of Trooper White, the Court finds that the defendant is competent to enter a plea, that the plea is freely and voluntarily given, that the defendant is aware of the nature of the charges against her and the consequences of her plea, and that a factual basis exists for the tendered plea. Accordingly, the undersigned recommends that

the district court accept the plea of GUILTY to Count One of the indictment.

The defendant was released on a personal recognizance bond.

Any party may, within ten days after being served with a copy of this recommendation, file with the Clerk of the Court written objections identifying the portions of the recommendation to which objection is made, and the basis for such objection.  A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge.  Failure to timely file objections to the recommendation set forth above will result in waiver of the right to appeal from the judgment of this Court based upon such recommendation.

It is further ORDERED that the period of delay resulting from the filing of this recommendation until the entry of an order of the district court accepting or rejecting this recommendation shall be excluded in computing the time within which the trial of the offenses charged must commence, in accordance with the provisions of 18 U.S.C. § 3161(h)(1)(I) and (J).  The period of delay from and including the date the trial was originally scheduled until the commencement of trial shall also be excluded in computing the time within which the trial of the offenses charged in the above-styled criminal action must commence, in accordance with the provisions of 18 U.S.C. § 3161(h)(8)(A).

The Clerk is directed to transmit copies of this order to the defendant, to counsel of record herein, to the United States Probation Office, and to the United States Marshals Service.

DATED: September 14, 2015

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE